IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN L. MOORE, JR, # 1693415 ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0749-M-BH |
| ) | |
| THE STATE OF TEXAS, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983 against the State of Texas, Ellis County, the City of Waxahachie, the Ellis County jail, Sheriff Johnny Brown, Attorney Jim Jenkins, Dr. Fortner, and Officer Martyn. He claims he was injured at the Ellis County jail when he slipped and fell in a puddle of juice that leaked from a beverage container on December 16, 2010, that he received insufficient medical care for his injury, and that his rights were violated because there was no separate dining area at the jail for the inmates. (Compl. at 3-4; Magistrate Judge's First Questionnaire Answers[1] (1st MJQ Ans.) 6-7; Magistrate Judge's Second Questionnaire Answers (2nd MJQ Ans.) 4, 6). Plaintiff further contends that the State, Ellis County, the City, the jail, the Sheriff, and Jim Jenkins violated his constitutional rights because he was detained under an excessive bond that was not lowered after ninety days. (1st MJQ, Ans. 1-5; 2nd MJQ, Ans.1-2, 5). He seeks monetary damages for his medical care and $210,000.00 in punitive damages. He also

---

[1] Plaintiff's answers to the questions in the MJQs constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

seeks injunctive relief to be seen and treated by an outside physician. (1st MJQ, Ans. 11).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1)

2

he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.  Eleventh Amendment Immunity**

Plaintiff claims that the State violated his Eighth Amendment rights because he was allegedly detained in the Ellis County jail beyond when his bond should have been lowered, he was imprisoned under an excessive bond, and he was injured when he fell at the county jail. (Compl. at 3; 1st MJQ, Ans. 1).  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff has not alleged a plausible § 1983 claim against the State of Texas, and his claims against it should be dismissed.

3

**B. <u>Municipal Liability</u>**

Plaintiff alleges that Ellis County (County) and the City of Waxahachie (City) violated his rights by: 1) maintaining the Ellis County jail, where he slipped in a puddle of juice and was incarcerated under an excessive bond until he pled guilty; 2) maintaining an oppressive conviction rate; and 3) not maintaining a separate dining area in the jail.  (Compl. at 4; 1st MJQ, Ans. 1).

Municipalities, including counties and cities, may be held liable under § 1983.  *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008).  To hold a municipality liable under § 1983, however, plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible."  *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).

With regard to his claims regarding his fall in the jail, Plaintiff has failed to allege a constitutional violation by either the County or the City, only negligence.  Mere negligence is not a constitutional violation that is actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property").  Likewise, Plaintiff has alleged no constitutional violation based on the county jail not having a separate dining area.

Plaintiff has also not alleged facts to support a claim that there that there was either a policymaker or an official policy or custom on the part of the County or the City regarding excessive bonds or an "oppressive" conviction rate.  Under Texas law, setting bail is at the discretion of "the court, judge, magistrate or officer taking the bail."  TEX. CODE CRIM. PROC. ANN. art. 17.15 (West

4

2005). Likewise, Plaintiff has not alleged that the County or City has an official policy or custom regarding conviction rates, something that would also be within the purview of the court system. The claims against the County and the City should be dismissed for failure to state a claim.

## C. Non-Jural Entity

Plaintiff also sues the Ellis County jail. The jail, however, is a non-jural entity that is not subject to suit under § 1983. *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Searcy v. Cooper*, No. 3:01-CV-0112-D, 2001 WL 435071, at *3 (N.D. Tex. Apr. 20, 2001) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. May 15, 2001).[2] The claims against the jail should therefore also be dismissed.

## D. No State Actor

Plaintiff sues his court-appointed lawyer, Jim Jenkins, for failing to obtain his release from jail by setting an earlier court date or obtaining a reduction in his bond. Plaintiff asserts that this caused him to accept the first plea bargain that sounded good to him. (1st MJQ Ans. 5; 2nd MJQ Ans. 2, 5).

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section

---

[2] The 1st MJQ specifically advised that the Ellis County jail is a non-jural entity and provided Plaintiff an opportunity to amend his complaint to add additional defendants. He did so by naming his attorney. (1st MJQ, Ans. 5).

5

1983"). Although a private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff has made no allegation that his attorney was a state actor. He only complains that he did not take adequate action in his case. Plaintiff has failed to state a viable claim under § 1983 against his attorney, and the claims against him should be dismissed.

**E. Negligence**

Plaintiff sues Officer Martyn, a detention officer at the jail, alleging that he failed to provide a safe area for Plaintiff by failing to have someone clean the area where a beverage was spilled. (1st MJQ, Ans. 7). Plaintiff has not alleged that the officer's failure to have the spill cleaned was a purposeful act, and his alleged negligence, even if it caused an unintended injury, did not violate Plaintiff's constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment). *Quine v. Livingston*, 2006 WL 1662920, *1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's claims against Martyn are not actionable under § 1983 and should be dismissed.

**F. No Personal Involvement**

Plaintiff also sues the Sheriff of Ellis County because of the injury he sustained at the jail, because no dining room is provided to the inmates of the jail, and because he was allegedly kept incarcerated at the jail for too long under an excessive bond. (1st MJQ, Ans. 4).

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff has failed to point to any constitutional right that was violated because he was not provided a separate dining area in which to eat in the jail. He has alleged no personal involvement by the Sheriff with Plaintiff's fall at the jail. Even if he had alleged that the Sheriff was personally involved, as noted earlier, there is no liability under § 1983 for negligent acts.

Plaintiff has also alleged no personal involvement by the Sheriff regarding his claim that his bond was excessive. As noted earlier, bond is set by court, and the Sheriff has no control over its amount. *See Green v. Mayfield*, 2009 WL 230161 (N.D. Tex. Jan. 29, 2009) (no personal involvement by a sheriff for alleged excessive bail because Texas sheriffs have no role in setting bail). Plaintiff also sues the Sheriff, alleging that his bond should have been reduced or eliminated after he was incarcerated for ninety days.

According to his pleadings, Plaintiff was arrested on May 2, 2010, indicted on July 15, 2010, and entered a guilty plea on January 7, 2011. (2nd MJQ, Ans. 2, 3). Under Texas law, a defendant

detained in jail pending a felony trial must be released either on personal bond or by reducing the amount of the bond required within ninety days if the state is not ready for trial. *See* TEX. CODE. CRIM. PROC. ANN. art. 17.151 (West 2005). A prosecutor can meet this requirement by announcing that he or she is ready for trial within ninety days, even if a trial is delayed for other reasons. *Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991). Whether or not this statute was in fact violated, the Sheriff had no personal involvement in whether the prosecutor's office was ready to try petitioner within ninety days. Furthermore, the appropriate vehicle for enforcing this state statute would have been for Plaintiff to file a state pre-trial writ of habeas corpus seeking release or a lowered bond amount. *See Ex parte Jones*, 803 S.W.2d at 713 (granting a pre-trial writ filed pursuant to Article 11.151); *Ex parte Avila*, 201 S.W.3d 824 (Tex. App.–Waco, 2006) (same).[3] Plaintiff has not alleged a viable claim under § 1983 against the Sheriff, and the claims against him should be dismissed.

## G. Medical Care

Plaintiff further contends that a doctor in the jail provided inadequate medical care to him after his fall. The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S.

---

[3] Plaintiff acknowledges that he received credit towards his sentence for all of the time he spent incarcerated in the county jail.

8

1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff alleges that, when he slipped in a puddle of juice, he lost consciousness, lost the ability to walk, and suffered severe and chronic lower-back pain. He further alleges that Dr. Fortner provided inadequate medical care to him by originally diagnosing him with a fractured vertebrae and changing his diagnosis to a sprained vertebrae. (Compl. at 4; 1st MJQ, Ans. 6). Plaintiff acknowledges that he was treated by Dr. Fortner on the day he sustained the injury, that the medical staff permitted his wife to bring a wheelchair for Plaintiff to use, and that he was given X-rays and an M.R.I. and prescribed pain medication while he was incarcerated at the county jail. He further concedes that since he has been transferred to a state prison unit, more X-rays have been taken, an M.R.I. has been scheduled, and he continues to be prescribed pain medication. (2nd MJQ, Ans. 6).

9

Plaintiff's claims against the doctor are complaints about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Plaintiff makes the conclusory allegation that Dr. Fortner changed his initial diagnosis of a fractured vertebrae to a sprained vertebrae to protect the county and sheriff from a lawsuit. (1st MJQ, Ans. 6). A failure to provide additional treatment does not show deliberate indifference because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Texas Dep't Crim. J*, 239 F.3d at 756. Even unsuccessful medical treatment does not give rise to a § 1983 violation. *Varnado v. Lynaugh*, 920 F.2d 321, 321 (5th Cir. 1991). Plaintiff's allegations about Dr. Fortner's actions are not sufficient to state a violation of his constitutional rights. *See Iruegas v. Poe*, 374 Fed. App'x 513, 517 (5th Cir. March 22, 2010) (holding that a failure by prison medical personnel to order a MRI after X-rays revealed no broken bones or prescribe stronger pain medication was not a cognizable cause of action because the care received did not unnecessarily and wantonly inflict pain on the prisoner), *citing Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009). Plaintiff's claims against Dr. Fortner should be dismissed.

### IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 14th day of December, 2011.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE